WESTERN DIST.
*October*, 1839.

HOPKINS ET AL.
*vs.*
LAPLACE, SYNDIC
ETC.

---

### HOPKINS ET AL. *vs.* LAPLACE, SYNDIC, ETC.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF NATCHITOCHES.

The granting a continuance is in the discretion of the judge, who best knows the parties and their attorneys; and although if a continuance be improperly refused, this court has power to grant relief; yet it will not interfere in a case where the discretion of the inferior judge has been correctly exercised.

WESTERN DIST.
October, 1839.

HOPKINS ET AL.
vs.
LAPLACE, SYNDIC
ETC.

This case comes up on an appeal by the defendant, as syndic of the insolvent succession of Theodore Deterville, deceased, against the judgment of the Probate Court, allowing the opposition of D. R. Hopkins, J. B. Amant, S. Jones, and Menard, creditors of said succession, to the tableau of distribution filed by the syndic.

The defendant and appellant alleges in his appeal that there is manifest error in this judgment, and that he prays an appeal to protect his own interests and *that* of creditors, whose claims were reduced and disallowed by the oppositions of the plaintiffs.

The appellant relies on an application for a continuance, which was overruled, for a reversal of the judgment. The statement of facts, as made out by the judge of Probates on the disagreement of the parties, and other evidence, shows, that this case had been continued twice, on the motion of the syndic, on account of the absence of his counsel.

At the July term, 1836, the case first came up for trial. The first continuance was obtained on the motion of an attorney, who appeared at the instance of the syndic, on account of the sickness of his regular counsel. On Monday, the 26th of September, when the case came up again for trial, Mr. Sherburne, the counsel for the syndic, was in attendance. He made a motion for a continuance, stating that the case required more labor and investigation than the state of his health enabled him to give it. He further stated, that his attendance at the last term had brought on him an inflammatory fever, which increased his debility. That when he first came in from the country he was in hopes of being able to go through the case, but found himself unable to proceed with it.

The court remarked that the case could no longer be continued on the ground of sickness of counsel. The plaintiff's counsel then stated, that the defendant said he would employ Mr. Campbell, an attorney who resided there, but then absent, if Mr. Sherburne continued in ill health, so soon as he returned. Mr. Sherburne being present, stated he was unable to point out any day for Mr. Campbell's

return, but that he did not expect him until the beginning of the next week. The court then, on motion of plaintiff's attorney, ordered an adjournment, from day to day, until the following Saturday, on which day this case was ordered to be fixed for trial. When this order was made, the plaintiff's counsel stated that Mr. Campbell must be in town in the course of the week, and in case of Mr. Sherburne's inability on account of sickness, to represent the defendant, he would be present to do so. When the cause was tried, Mr. Campbell had not yet returned, and Mr. Sherburne was out of town.

Western Dist.
October, 1839.

HOPKINS ET AL.
vs.
LAPLACE, SYNDIC
ETC.

When the pleadings were first made up, the defendant had two other attorneys, whose names appear in the record; but it appeared they had withdrawn from the case.

Judgment was rendered in favor of the plaintiffs, sustaining all their oppositions, disallowing many of the claims paid and put on the tableau; from which the syndic appealed.

*Dunbar* and *Sherburne*, for the appellant.

*Winn* and *Brent*, contra.

*Martin, J.*, delivered the opinion of the court.

The appellant complains of the refusal of the judge of Probates to grant him a continuance. He had filed his tableau of distribution, the homologation of which was opposed by the present appellees. They resisted his application, made on the ground of the indisposition of his attorney, by showing that the case had been continued three times on the allegation of the same cause; and by showing that the appellant had two other attorneys on the record, and that still other attorneys might be had. After overruling the motion for a continuance, the court, on the plaintiff's motion, continued the cause, from day to day, for a week, in order to afford an opportunity to the appellant to avail himself of the services of an attorney then absent attending court, and was expected daily to arrive. At the end of the week, this gentleman not having arrived, and the other attorney of the appellant being out of town, the trial of the cause was proceeded in.

WESTERN DIST.

October, 1839.

HOPKINS ET AL.
vs.
LAPLACE, SYNDIC
ETC.

The granting of a continuance is in the discretion of the judge, and it was once questioned whether this court could inquire into and relieve a suitor who showed that this discretion had not been correctly exercised. We held that we could. *Broussard* vs. *Trahan's heirs*, 4 *Martin*, 489.

The inferior judge has peculiar advantages over us, in deciding on the propriety of granting such motions. He best knows the parties and their attorneys; has better opportunities to examine their conduct, especially in a case which is long pending before him. This court has no advantage over the inferior tribunals, but in the number of its members.

The present case appears to us to be one in which the discretion of the judge was evidently exercised correctly. The appellant had three counsel on record; the indisposition of one of them had been protracted for three months, during which as many continuances had been granted. On according the first, the judge had declared that he would not grant another, unless a better cause was shown; yet the appellant obtained *two* others, and afterwards a postponement of the trial, from day to day, during the week. It is impossible for us to resist the impression that, if due diligence had been exercised, the appellant might have availed himself of the services of one of his two other attorneys on record, or of some other gentleman of the bar. It is sworn that there were two attorneys in town, and others could have been had by sending to Alexandria.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.